IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK W. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 5176 |
| ) | |
| JAMES POLCYN, OWCP District Director, ) | |
| ANTONIA A. RIOS, OWCP District Director, ) | |
| HILDA L. SOLIS, Secretary of Labor, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pro se plaintiff Frank W. White ("White") alleges in his complaint that he was injured in a September 25, 1972 accident at Sequoyah Nuclear Plant where he worked for the Tennessee Valley Authority. (Dkt. No. 1 ("Compl."), at 3.) The court accepts that fact, like all facts in the complaint, as true for the purpose of addressing the defendants' pending motion to dismiss.

The Federal Employees Compensation Act ("FECA") permits federal employees who are injured on the job to apply for workers' compensation benefits through the Office of Workers' Compensation Program ("OWCP"). 5 U.S.C. §§ 8101-8152. Mr. White received federal workers' compensation benefits from March 7, 1974 through June 16, 1983, at which point his benefits were terminated after the OWCP determined that Mr. White's ongoing disability was not related to his injury. (Compl. at 3.) Mr. White's various attempts to reinstate his benefits over the years have been unsuccessful.

Mr. White's complaint claims that defendants James Polcyn, OWCP District Director, Antonia A. Rios, OWCP District Director, and Hilda L. Solis, Secretary of Labor (all sued in their official capacities) violated his rights to due process when "between October 10, 1991 and April 23, 2012" they failed to notify Mr. White of "the fact that the agency had accepted Plaintiff['s] claim for federal workers compensation benefits October 10, 1991." (Compl. at 1.) In addition, Mr. White contends that a June 16, 1991, decision of the Employees Compensation Appeals Board required the OWCP to issue a "de novo decision on the merits," but that the OWCP never did so. (*Id.* at 2.) Mr. White asks this court to review the "administrative decisions for federal workers compensation benefits," and seeks "Justice, Equity, and unspecified Damages." (*Id.* at 1, 10.)

Mr. White has advanced the same claims in two cases before other judges of this district court against Department of Labor personnel, and both times his complaint was dismissed on the merits for failure to state a claim. *See* Dkt. No. 6, *White v. Rosell*, No. 11 C 616 (N.D. Ill. Feb. 4, 2011) (Leinenweber, J.) (dismissing Mr. White's claims for review of the OWCP decisions); Dkt. No. 6, *White v. Rosell*, No. 11 C 1279 (N.D. Ill. Feb. 25, 2013) (St. Eve, J.) (dismissing Mr. White's claims for constitutional procedural due process violations and for review of the OWCP decisions). Because Mr. White has already litigated the same claims against the Department of Labor and received a decision on the merits, the doctrine of *res judicata* prevents him from litigating his claims again. *See Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011).

To the extent that Mr. White's claims are not barred by *res judicata*, moreover, the court lacks jurisdiction to consider them, or they are untimely. Federal district courts lack the jurisdiction to review a determination under FECA. *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) (en banc) (citing U.S.C. § 8128(b)). The only exception to that rule is that

courts may consider constitutional claims related to the FECA determination, such as Mr. White's procedural due process claim. *Id*. at 1442. Mr. White's constitutional claim, however, is subject to a two year statute of limitations. *See Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). The determinations Mr. White is challenging all occurred in the early 1990s. Accordingly, any constitutional claim with respect to them is untimely.

Although this court appreciates Mr. White's sincerity, civility, and diligence in pursuing this action and seeking a remedy for what he perceives to be an administrative failure by the defendants in their official capacities to address the harm he asserts he has experienced, this court under the law regrettably lacks the power to grant Mr. White the relief that he is seeking.

## CONCLUSION

For the reasons stated above, the motion to dismiss of defendants James Polcyn, Antonia A. Rios, and Hilda L. Solis (Dkt. No. 11) is granted. Plaintiff Frank W. White's complaint is dismissed for failure to state a claim. All other pending motions are terminated as moot. Civil Case Terminated.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date:   February 7, 2013

3