IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK W. WHITE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES POLCYN, OWCP District Director, )<br>ANTONIA A. RIOS, OWCP District Director, )<br>HILDA L. SOLIS, Secretary of Labor, )<br>)<br>Defendants. )<br>) | No. 12 C 5176 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons explained below, plaintiff Frank W. White's request for reconsideration (Dkt. No. 42) is denied. The limited appearance of J. Cunyon Gordon on behalf of Mr. White for settlement purposes is terminated. The Clerk of Court is ordered to send a copy of Dkt. Nos. 44, 45, 46, and 47 to Mr. White.

Statement

On February 6, 2013, the court granted the motion of defendants James Polcyn, Antonia A. Rios, and Hilda L. Solis to dismiss plaintiff Frank W. White's complaint. (Dkt. No. 40.) Currently pending before the court is White's motion for reconsideration (Dkt. No. 42), which the court treats as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). White has also filed a notice of appeal (Dkt. No. 43), but that notice is not effective until after this court disposes of White's Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733, 738 (7th Cir. 2004).

White contends first that the court erred in dismissing his complaint under the doctrine of *res judicata* because he sued different parties in this case and in the earlier cases on which the application of *res judicata* was based. In all cases, however, White sued representatives of the Department of Labor in their official capacity. For purposes of the *res judicata* analysis, therefore, the parties were identical. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011) (suing different representatives of the same entity does not defeat *res judicata* requirement that parties are identical).

White also contends that his constitutional claim for procedural due process is not barred by the two year statute of limitations because the violation "continue[d] through 2011." (Dkt. No.

42.) But White does not indicate any grounds for his contention that the violation continued through 2011. Indeed, White's complaint challenges only administrative actions by the Department of Labor in the 1980s and 1990s, long before 2011. White's complaint does allege that one procedural failing of the Department of Labor was its failure to notify White of an October 10, 1991, decision "between October 10, 1991 and April 23, 2012." An ongoing failure to notify does not, however, constitute an ongoing violation extending the limitations period. *Cf. McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) ("[T]he state court's ongoing failure to notify McDonald of the County's retention of the money is not a 'fresh act' each day, as he contends, but instead 'merely a lingering effect of an earlier, distinct, violation.'" (quoting *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 595 (7th Cir. 2001)).

The court sees no reason to reconsider its dismissal of White's complaint.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 20, 2013