IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK W. WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 12 C 5176 |
| JAMES POLCYN, OWCP District Director, ANTONIA A. RIOS, OWCP District Director, HILDA L. SOLIS, Secretary of Labor, | ) ) ) ) |
| Defendants. | ) ) ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons explained below, plaintiff Frank W. White's application to proceed *in forma pauperis* on appeal (Dkt. No. 52) is denied, as his is motion for appointment of counsel (Dkt. No. 53). In addition, Mr. White's motion for a mental examination (Dkt. No. 50) and his supplemental motion (Dkt. No. 51) are terminated as moot because the court does not have jurisdiction over those motions following the filing of Mr. White's notice of appeal. (Dkt. No. 43.)

Statement

Requests to proceed *in forma pauperis* ("IFP") are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action or appeal in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Here, Mr. White has repeatedly sought the same relief from multiple courts, and his claims have repeatedly been dismissed. (*See* Dkt. No. 41.) As a result, Mr. White's claims in this action were dismissed on the ground of *res judicata*. (*See id.*) Although the court does not doubt that Mr. White sincerely believes that he has been wronged, and the court appreciates Mr. White's sincerity and diligence, he has had his day in court multiple times. Any further litigation of this matter, which involves events that occurred over twenty years ago, is excessive, unnecessary, and frivolous. Accordingly, the court denies Mr. White's application to proceed IFP and his motion for appointment of counsel.

In addition, Mr. White's motion for a mental examination (Dkt. No. 50) and his supplemental motion (Dkt. No. 51) are terminated as moot because the court does not have jurisdiction over those motions following the filing of Mr. White's notice of appeal. *See Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (citation and quotation marks omitted)).

ENTER:

*/s/ James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 4, 2013